H. T. MAHONEY, Plaintiff-Appellant

v.

UNITED STATES of America, Defendent-Appellee.

Ruby Thelma Loftis PIERCE, etc., Plaintiff-Appellant

v.

UNITED STATES of America, Defendant-Appellee.

Nos. 15819, 15820.

United States Court of Appeals Sixth Circuit.

Dec. 17, 1964.

H. Calvin Walter, Knoxville, Tenn., Walter, Gilbertson & Claiborne, Knoxville, Tenn., of counsel, for appellants.

J. F. Bishop, Department of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Morton Hollander, Dept. of Justice, Washington, D. C., John H. Reddy, U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

ORDER

These appeals came on to be heard and were submitted to the Court on oral arguments, briefs and records.

The issues raised are largely factual in nature and received careful consideration in the District Court. We think there was substantial evidence to support the findings of fact of the District Judge and they are not clearly erroneous.

The judgment of the District Court will be affirmed for the reasons and upon the ground set forth in the excellent opinion of Chief Judge Robert L. Taylor, reported in 220 F.Supp. 823.

Giles E. BULLOCK and Katherine D. Bullock, Plaintiffs-Appellants,

v.

Dana LATHAM, Commissioner of Internal Revenue, and E. C. Coyle, Jr., District Director of Internal Revenue, Defendants-Appellees.

No. 256, Docket 28976.

United States Court of Appeals Second Circuit.

Argued Dec. 8, 1964.

Decided Dec. 23, 1964.

Milo Thomas, Rochester, N. Y., for plaintiffs-appellants.

Robert H. Solomon, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson; Joseph Kovner, Department of Justice; John T. Curtin, U. S. Atty., Stephen S. Joy, Asst. U. S. Atty., on the brief), for defendants-appellees.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

When this case was here before we held that there was jurisdiction under 28 U. S.C. §§ 1340 and 2463 and remanded for trial on the sole issue "whether title to the machinery and fixtures is in Giles E. Bullock or E. C. Brown Company." Bullock v. Latham, 306 F.2d 45, 48 (2d Cir. 1962). This task was thoroughly and competently performed by the District Court Judge, who ruled against the taxpayers. We affirm on the basis of his findings of fact and conclusions of law.